United States Bankruptcy Court
Eastern District of Pennsylvania

In re: Case No. 26-10352-amc
Shawn Bernard Mathis Chapter 13
Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2 User: admin Page 1 of 2
Date Rcvd: Aug 21, 2026 Form ID: pdf900 Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 23, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Shawn Bernard Mathis, 6643 Marsden Street, Philadelphia, PA 19135-2725 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 23, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 21, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| DAVID M. OFFEN | on behalf of Debtor Shawn Bernard Mathis ecfmail@offenlaw.com;offendr83598@notify.bestcase.com |
| Elizabeth Trachtman | on behalf of Creditor Capital One Auto Finance a division of Capital One, N.A. ANHSOrlans@InfoEx.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com philaecf@gmail.com |
| MAGGIE S SOBOLESKI | on behalf of Creditor PENNSYLVANIA HOUSING FINANCE AGENCY msoboleski@kmllawgroup.com 3532@notices.nextchapterbk.com |
| MATTHEW K. FISSEL | on behalf of Creditor PENNSYLVANIA HOUSING FINANCE AGENCY bkgroup@kmllawgroup.com matthew.fissel@brockandscott.com |

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 2 of 2 |
| Date Rcvd: Aug 21, 2026 | Form ID: pdf900 | Total Noticed: 1 |

United States Trustee
USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 6

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Shawn Bernard Mathis<br>Debtor | CHAPTER 13 |
| PENNSYLVANIA HOUSING FINANCE AGENCY<br>Moving Party<br>vs. | NO. 26-10352 AMC |
| Shawn Bernard Mathis<br>Debtor | 11 U.S.C. Section 362 |
| Kenneth E. West<br>Trustee | |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of August 4, 2026, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$5,146.16**. Post-petition funds received after August 4, 2026, will be applied per the terms of this stipulation as outlined herein. The arrearage is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | April 2026 through July 2026 at $1,241.80 each |
| Late Charges: | April 2026 through July 2026 at $44.74 each |
| **Total Post-Petition Arrears:** | **$5,146.16** |

2. The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$5,146.16**.

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$5,146.16** along with the pre-petition arrears.

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning **August 2026** and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of **$1,241.80** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court may enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(4).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court may enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: August 6, 2026

/s/ Maggie Soboleski
Maggie Soboleski, Esq.
Attorney for Movant

Date: August 17, 2026

/s/ David M. Offen
David M. Offen, Esq.
Attorney for Debtor

Date: August 17, 2026

/s/ Jack K. Miller, Esquire for
Kenneth E. West
Chapter 13 Trustee

Approved by the Court this 21st day of August, 2026. However, the Court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan